KASSRA P. NASSIRI (215405)
ANDREW R. KISLIK (118772)
NASSIRI & JUNG LLP
47 Kearny Street, Suite 700
San Francisco, California 94108
Telephone: (415) 762-3100
Facsimile: (415) 534-3200

Attorneys for Defendant
TURNER CONTRACTING, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD SUTTON, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TURNER CONTRACTING, INC., an Indiana Corporation, and DOES 1-100, inclusive,<br><br>Defendants. | Case No.<br><br>[Santa Clara County Superior Court Case No. 17CV307173]<br><br>**DEFENDANT TURNER CONTRACTING, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>**28 U.S.C. §§ 1441 & 1446** |

**DEFENDANT'S NOTICE OF REMOVAL**

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Turner Contracting, Inc. ("Turner") hereby removes to this Court, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1711, *et seq.* ("CAFA") and pursuant to 28 U.S.C. the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the state court action described below. In support thereof, Turner states as follows:

1. On March 9, 2017, Plaintiff Reginald Sutton ("Plaintiff") filed a putative class action against Turner, which currently is pending in the Superior Court for the State of California, County of Santa Clara, as Case No. 17CV307173, *Reginald Sutton* v. *Turner Contracting, Inc.* (the "Action"), before the Honorable Thomas E. Kuhnle. Plaintiff personally served Turner with the Summons and Class Action Complaint for Damages, Injunctive Relief, and Restitution (the "Complaint") on Turner's agent for service of process on April 6, 2017. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint are attached hereto as Exhibit A. The state court's Civil Lawsuit Notice, Alternative Dispute Resolution Information Sheet, and March 10, 2017 Order designating the Action as complex and assigning the Action to Judge Kuhnle is attached hereto as Exhibit B.

2. On April 10, 2017, Turner filed its Answer to Unverified Class Action Complaint (the "Answer"). Pursuant to 28 U.S.C § 1446(a), a true and correct copy of the Answer is attached hereto as Exhibit C. Upon information and belief, there have been no other proceedings in the Action.

3. As set forth more fully below, the Action is one which Turner may remove to this Court under 28 U.S.C. §§ 1441(a), (b) and § 1446 because Turner has satisfied the procedural requirements and this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1332(d).

**I. TURNER HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

4. Plaintiff personally served Turner with the Summons and Complaint on April 6, 2017. Because Turner filed its Notice of Removal within 30 days of that date, the Notice of

Removal is timely. *See* 28 U.S.C. § 1446(b).

5. Venue lies in the United States District Court for the Northern District of California because Plaintiff filed the Action in this judicial district and it remains pending in this judicial district. *See* 28 U.S.C. § 1441(a).

6. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Turner, which papers include the Summons and Complaint and the state court's March 10, 2017 Order designating the Action as complex and assigning the Action to Judge Kuhnle, are attached hereto as Exhibits A and B. Turner's Answer is attached hereto as Exhibit C.

7. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel, and a copy is being filed with the Clerk of the Superior Court for the State of California, County of Santa Clara.

## II. REMOVAL IS PROPER ON THE BASIS OF FEDERAL QUESTION JURISDICTION

8. Removal is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331, as this action involves claims arising under the laws of the United States – specifically, the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

9. In the Complaint, Plaintiff alleges that he "brings this lawsuit as a collective action under the [FLSA], on behalf of all persons who were, are, or will be employed by Defendant in a non-exempt hourly position during the period commencing three years prior to the filing of this Complaint and through a date of judgment…" (Complaint ["Compl."] ¶ 121.) Plaintiff's eighth cause of action is captioned "Failure to Pay All Wages and Overtime Compensation in Violation of the Fair Labor Standards Act" and Plaintiff alleges that "Defendant violated the Fair Labor Standards Act by failing to pay hourly employees for all hours worked, including overtime hours, as alleged herein above." (*Id.* ¶ 130.)

10. Accordingly, this Court has jurisdiction over Plaintiff's overtime claim because, under the well-pleaded facts stated in the Complaint, Plaintiff alleges a claim against Defendant

- 2 -
**DEFENDANT'S NOTICE OF REMOVAL**

that arises solely under the FLSA.

11.     This Court has original jurisdiction over claims arising under the FLSA. *See* 28 U.S.C. § 1331; 29 U.S.C. § 216(b).  Therefore, this case is removable on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441(a).

12.     Even if a civil action is based in part on claims over which a federal court would ordinarily lack jurisdiction, the case may be removed if it includes at least one claim giving rise to federal jurisdiction.  28 U.S.C. § 1441(c).  Upon removal, the court can exercise supplemental jurisdiction over "claims that are so related to claims in the action [giving rise to federal jurisdiction] that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

## III.     REMOVAL IS ALSO PROPER UNDER THE CLASS ACTION FAIRNESS ACT

13.     This case is also removable on the basis of diversity jurisdiction.  The Action is a civil action over which this Court has original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005) (codified as 28 U.S.C. §§ 1332(d), 1453, 1711-15).  Pursuant to CAFA, federal courts have original jurisdiction over a class action if: (i) it involves 100 or more putative class members; (ii) any class member is a citizen of a state different from any defendant; and (iii) the aggregated amount in controversy exceeds $5 million, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d).

14.     As set forth more fully below, this is a putative class action in which, as alleged: (i) there are more than 100 members in Plaintiff's proposed class; (ii) the Plaintiff and the members of the putative class have a different citizenship than Turner's, the sole named defendant; and (iii) the claims of the proposed class members (although denied by Defendant) exceed the sum or value of $5 million in the aggregate, exclusive of interest and costs. Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

### A.     This is a Putative Class Action Consisting of More Than 100 Members.

15.     Plaintiff proposes a class of "[a]ll non-exempt employees who have been employed or are currently employed by Defendant in the United States within the relevant time

period" and the "Class Period is the period from March 9, 2013, through and including the date judgment is rendered in this matter." (Compl." ¶¶ 52 & 53.) And "Plaintiff alleges that there were approximately 110 employees working at the Cupertino location for Turner" when Plaintiff was employed with Defendant "from approximately July 5, 2016 to August 25, 2016." (Compl. ¶ 15.) Defendant employed more than 100 non-exempt employees at its California locations. (Declaration of Jaimie Cummings ["Cummings Decl."] ¶ 3.) Accordingly, the proposed class exceeds 100 members.

**B.   The Diversity of Citizenship Requirement is Satisfied.**

16.   Plaintiff is an individual who resides in Brownwood, Texas. (Compl. ¶ 7.)

17.   Turner is a citizen of Indiana. The phrase "principal place of business" in 28 U.S.C. § 1332(c)(1) refers to the place where a corporation's high-level officers direct, control, and coordinate the corporations' activities, *i.e.* its "nerve center," which typically will be found at its corporate headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Turner's headquarters – where its high-level officers direct, control, and coordinate the corporation's activities – is located in Indiana. (Cummings Decl. ¶ 2.) Thus, for removal purposes, Turner is a citizen of Indiana. Accordingly, the requisite diversity of citizenship exists. *See* 28 U.S.C. § 1332(c)(1) & (d)(2)(A).

**C.   The Amount in Controversy Requirement is Satisfied.**

18.   Plaintiff brings claims under Sections 203, 226, 510, 1174, 1194, and 1198 of the California Labor Code, Section 17200 of the California Business and Professions Code, as well as under the Fair Labor Standards Act, 29 U.S.C. Section 201. (Compl. ¶¶ 60-132.) Plaintiff seeks damages and penalties for unpaid overtime compensation, penalties for incomplete wage statements, damages and penalties for missed rest breaks, restitution of allegedly withheld wages under his unfair competition claim, as well as attorneys' fees. (Compl. ¶¶ 60-132 & Prayer for Relief.) As set forth below, although Turner maintains that Plaintiff's claims are not valid, Plaintiff's allegations establish that the amount in controversy is more than $5,000,000.

19.   Plaintiff alleges that putative class members never were provided with required meal and rest breaks (Compl. ¶¶ 15-17 & 73-78), and that work shifts were 11-12 hours. (Compl.

¶ 15.) Plaintiff further alleges that each member of the putative class is entitled to one hour's pay for each meal and rest break not provided (Compl. ¶¶ 76 & 78), or a total of three hours' pay for each work day. (Defendants' denial of these allegations puts them in controversy, but does not diminish their amount for the purposes of federal jurisdiction.)

20. Plaintiff's regular rate of pay was $14 per hour. (Cummings Decl. ¶ 4.) Turner's records indicate that the average regular rate of pay of the putative class members is at least $15/hour. (Cummings Decl. ¶ 5.)

21. The Complaint alleges that there are "hundreds of members" of the putative class during the class period, which goes back 4 years from when the Complaint was filed. (*See* Compl. ¶¶ 53 & 54.)

22. Assuming 200 work days per year and 100 employees per year, Plaintiff's meal and rest break claims place the amount in controversy at around $3.6 million. Plaintiff seeks missed pay for every meal and rest break, every day. (*See* Compl. ¶¶ 22 & 61-80.) Assuming that each of 100 employees is owed $15 for each of three breaks each day for 200 days of each of the 4 years of the Class Period, the total is $3.6 million (100 employees x $15/employee break x 3 breaks/day x 200 days/year x 4 years = $ 3.6 million).

23. In addition, Plaintiff claims an entitlement to wage statement penalties of $50 in the first pay period and $100 in each subsequent pay period within the class period for every California putative class member, up to a maximum of $4,000 per employee. (Compl. ¶¶ 97-100.) Assuming 24 pay periods per year, this claim is for 100 employees, alleging that they are entitled to $50 for the initial infringing pay period and for $100 for each consequent pay period within the four-year Class Period, this claim is for $50 + ($100 x 23 x 4) = $9,250, which multiplied by 100 class members, equals $925,000.

24. Plaintiff also alleges an entitlement to payment of minimum wages of $8 per hour for 2.5 hours of travel time for each California non-exempt employee every day, plus liquidated damages in the same amount. (Compl. ¶¶ 15, 33 & 93-95.) Assuming 200 work days per year and an average of 50 employees per work day, Plaintiff's minimum wage claim is for at least 50

employees x 200 days/year x 2.5 hours/day x $8/hour = $200,000 + liquidated damages claim for $200,000, which totals $400,000.

25. Plaintiff also alleges an entitlement to waiting time penalties of 30 days of eight hour's pay for each former California non-exempt employee during the class period. (Compl. ¶¶ 102-105.) There are more than 100 former California non-exempt employees of Turner. (Cummings Decl. ¶ 3.) Therefore, Plaintiff's claim for waiting time penalties is for greater than 100 employees multiplied by their hourly wage of $15 per hour, 8 hours per day, and for the maximum of 30 days (i.e., 100 employees x 30 days/employee x 8 hours/day x 15 hour/day), which equals $360,000.

26. Thus, without even including Plaintiff's overtime claims and Labor Code section 558 claim (each of which appear to be for a substantial amount), the amount in controversy exceeds $3.6 million + $925,000 + $400,000 + $360,000 = $5.285 million.

27. Based on the foregoing, the jurisdictional amount in controversy requirement is met. Removal to this court is proper under CAFA.

**WHEREFORE,** Turner hereby removes this Action from Superior Court of the State of California, County of Santa Clara, to this Court, pursuant to 28 U.S.C. § 1441.

DATED: April 12, 2017                              NASSIRI & JUNG LLP

                                                   By: /s/ Kassra P. Nassiri

                                                   Kassra Nassiri
                                                   Attorneys for Defendant
                                                   TURNER CONTRACTING, INC.

- 6 -
**DEFENDANT'S NOTICE OF REMOVAL**